UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                        :

SHENZHENSHI LIANGYUANKEJI          :
YOUXIANGONGSI a/k/a COOGAM DIRECT,  :
                                                         :

                     Plaintiff,          :              24-CV-1223 (JMF)
                                                   :

               -v-                      :              <u>OPINION AND ORDER</u>
                                                     :

ANTSY LABS LLC,                      :
                                                       :

                   Defendant.        :
                                                     :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Shenzhenshi Liangyuankeji Youxiangongsi, a Chinese toy merchant that does

business as "Coogam" on Amazon.com, seeks injunctive and monetary relief against Defendant

Antsy Labs LLC, a toy manufacturer that sued Coogam (and dozens of other defendants) in the

United States District Court for the Southern District of Florida for copyright infringement of its

popular "Fidget Cube" toy. In the operative Amended Complaint, Coogam alleges that Antsy

Labs sought and obtained a temporary restraining order ("TRO") against Coogam and the other

defendants "based solely on [their] use of the phrase 'fidget cube,'" ECF No. 18 ("Compl."),

¶ 22, even though "Antsy Labs has no copyright or trademark rights . . . [on] the phrase 'fidget

cube,'" *id.* at ¶ 12, which has been deemed a generic term by the Trademark Trial and Appeal

Board, *id.* at ¶ 10. According to Coogam, the TRO resulted in a "lock down" of its Amazon e-

commerce storefront and business accounts containing about $800,000, which Antsy Labs

demanded a $100,000 ransom to "unfreeze." *Id.* ¶¶ 22-23, 31. After Coogam, through its

counsel, refused to pay the $100,000, Antsy Labs voluntarily dismissed its claims against

Coogam. *Id.* ¶¶ 24, 26. In this action, Coogam seeks a declaratory judgment that the Antsy

Labs's copyright registration "does not protect the title phrase 'fidget cube'"; that "Antsy Labs engaged in copyright misuse; and that the phrase "fidget cube" is not subject to any trademark or copyright protection. *Id.* ¶¶ 19-35.  Coogam also seeks money damages in connection with claims for common law fraud, tortious interference with business relationships, and malicious prosecution. *Id.* ¶¶ 36-54.  Antsy Labs now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. *See* ECF No. 19.  For the reasons that follow, the Court grants Antsy Labs's motion and dismisses the Amended Complaint.

**LEGAL STANDARDS**

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc*., 551 F.3d 122, 124 (2d Cir. 2008).  A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged their claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

It is well established that, in considering a motion to dismiss for failure to state a claim, a court may consider "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint, along with documents

2

deemed 'integral' to the complaint." *Simon v. City of New York*, No. 14-CV-8391 (JMF), 2015 WL 2069436, at *1 n.2 (S.D.N.Y. May 4, 2015) (quoting *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010)) (internal quotation marks omitted).  A document is integral to the complaint if the complaint "relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).  Where "a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Poindexter v. EMI Rec. Grp. Inc.*, No. 11-CV-559 (LTS), 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012).

## DISCUSSION

Upon review of the Complaint and the parties' motion papers, as well as the complaint and other documents in the Florida action upon which this lawsuit is based, the Court concludes that the Amended Complaint must be dismissed.  *See, e.g.*, *UMB Bank N.A. v. Bristol-Myers Squibb Co.*, No. 21-CV-4897 (JMF), 2022 WL 2290609, at *1 n.1 (S.D.N.Y. June 24, 2022) (explaining that the Court "may consider" documents that are "attached to, [or] incorporated by reference in[] the Complaint") (citing *DiFolco*, 622 F.3d at 111).

As a foundational matter, Coogam's allegation that "Antsy Labs has claimed that Coogam has committed copyright infringement and is therefore liable for significant damages merely for using the generic phrase 'fidget cube'" — which, as discussed below, is central to all of Coogam's claims — is simply wrong.  Compl. ¶ 15; *see id.* ¶ 22.  As stated in the Florida complaint, Antsy Labs brought the Florida suit "to combat online infringers who trade upon [its] reputation and goodwill by selling and/or offering for sale products in connection with [its] copyrights, . . . a registration for *the toy apparatus itself*."  ECF No. 19-3 ("Fla. Compl."), ¶ 1

(emphasis added); *see also* ECF No. 19-1 ("Def.'s Mem."), at 5-6.  And while Antsy Labs's complaint did also reference the Florida defendants' use of "the same name" as its Fidget Cube toys, those references were plainly made to bolster Antsy Labs's allegation that the defendants had infringed its copyright over the toy apparatus itself.  *See* Fla. Compl. ¶ 1 (alleging that the defendants' use of the "same name" on top of the "same . . . design" "causes *further* confusion and deception in the marketplace" (emphasis added)); *accord id.* ¶¶ 6, 21.

Confusingly, Coogam's central allegation is also directly contradicted by a footnote that appears later in its own Complaint, in which Coogam acknowledges that "Antsy Labs does not assert a claim of trademark infringement."  Compl. ¶ 35 n.1.  The footnote then proceeds to point out that Antsy Labs invoked the Lanham Act in its statement of jurisdiction.  *Id.*; *see* Fla. Compl. ¶ 4.  But invoking the Lanham Act is not the same thing as bringing a trademark infringement claim.  Indeed, as its Florida complaint made plain, Antsy Labs was merely asserting that the Florida district court had subject-matter jurisdiction over any "false designation of origin claim . . . pursuant to the provisions of the Lanham Act."  *Id.*  And Antsy Labs's false designation claim, to the extent Antsy Labs raised one in the Florida action, appears to rest on its allegation that the defendants "facilitate sales by designing [their] Internet Stores so that they appear to unknowing consumers to be authorized online retailers . . . selling genuine Fidget Cube products," not on any claim of trademark infringement.  *Id.* ¶ 14.  In short, because the Florida complaint directly contradicts Coogam's allegation that Antsy Labs sued it "based on the use on the Amazon e-commerce webpage of . . . the phrase 'fidget cube,'" Compl. ¶ 2, "the [C]ourt need not" and does not "accept [that] allegation[] as true," *Poindexter*, 2012 WL 1027639, at *2.

Perhaps recognizing this fundamental flaw in its allegations, Coogam emphasizes that Antsy Labs sent it a demand letter accusing it of "infringing both the registered copyright and

trademarks of Antsy Labs." ECF No. 23 ("Pl.'s Opp'n"), at 3 (citing ECF No. 18-4 (demand

letter)). Contrary to Antsy Labs's argument, that letter is not necessarily "inadmissible" under

Rule 408 of the Federal Rules of Evidence. Def.'s Mem. 4 n.3; *see Williams v. Regus*

*Management Group, LLC*, 10-CV-8987 (JMF), 2012 WL 1890384, at *3 (S.D.N.Y. May 15,

2012) ("[I]t is well established that Rule 408 only bars the use of compromise evidence to prove

the validity or invalidity of the claim that was the subject of the compromise, not some other

claim." (internal quotation marks omitted)). But the letter, even if admissible, does not help

Coogam's case because it does no more than echo Antsy Labs's Florida complaint. Instead of

stating that Coogam was liable for infringement "based on [its] use of on the Amazon e-

commerce webpage of . . . the phrase 'fidget cube,'" as Coogam alleges it does, Compl. ¶ 22, the

demand letter accuses Coogam of "marketing and selling infringing Fidget Cube products that

each embody and/or are substantially similar to [Antsy Labs's] federally registered copyright

work and are sold by reference to a name or mark confusingly similar to [Antsy Labs's] federally

registered Fidget Cube by Antsy Labs trademarks," ECF No. 18-4. In other words, the demand

letter is indistinguishable as a matter of substance from the Florida complaint, which, as

discussed, also referenced the Florida defendants' use of "the same name" as its Fidget Cube

toys. Furthermore, and in any case, Coogam does not allege here that Antsy Labs committed

fraud or tortious inference by attempting to enforce a non-existent trademark of the name "Fidget

Cube by Antsy Labs" (which is different from the allegedly generic phrase, "fidget cube").

The foregoing is fatal to most, if not all, of Coogam's claims. To start, given that Antsy

Labs did not bring any claim for infringement of the phrase "fidget cube" in the Florida action,

there is no justiciable controversy insofar as Coogam seeks a declaratory judgment that the Antsy

Labs's copyright registration "does not protect the title phrase 'fidget cube'" and that the phrase

"fidget cube" is not subject to any trademark or copyright protection. Compl. ¶¶ 19-35; *see* Def.'s Mem. 4-6; *Am. Home Assur. Co. v. Merck & Co. Inc.*, 329 F. Supp. 2d 436, 440-41 (S.D.N.Y. Aug. 5, 2004) ("It is well settled that the existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction." (citing *inter alia Certain Underwriters at Lloyd's London v. St. Joe Mins. Corp.*, 90 F.3d 671, 675 (2d Cir. 1996)) (internal quotation marks omitted)). Furthermore, Coogam's argument that "a direct comparison of Defendant's copyrighted work . . . [and] Plaintiff's devices . . . demonstrates that the Coogam items bear no resemblance to the copyrighted object," Pl.'s Opp'n 2, is beside the point insofar as it is made in support of Coogam's declaratory judgment claims, which center entirely on Antsy Labs's rights (or the lack thereof) with respect to the *phrase* "fidget cube," *see* Compl. ¶¶ 19-28, 33-35.

Next, the discrepancy between Coogam's allegations and the papers filed in Antsy Labs's Florida action (which "control[s]," *see Poindexter*, 2012 WL 1027639, at *2) also dooms Coogam's claims for fraud and tortious interference with business relations. Coogam's allegations fail to establish that Antsy Labs made any "misrepresentation or omission of material fact" that would give rise to a fraud claim. *See Purchase Partners., LLC v. Carver Fed. Sav. Bank*, 914 F. Supp. 2d 480, 499 (S.D.N.Y. 2012) ("To state a claim of fraud under New York law, a plaintiff must demonstrate a misrepresentation or omission of material fact." (cleaned up)).[1] Indeed, as discussed above, Antsy Labs does not allege anywhere in its Florida complaint — or its subsequent papers in that action — that it owns the phrase "fidget cube" despite having

---

[1]     Furthermore, the Court agrees with Antsy Labs that even if the demand letter somehow constituted a misrepresentation, Coogam all but concedes that it cannot establish the element of reliance because it "vigorously rejected [the] settlement offer" through its counsel. *See* ECF No. 24 ("Def.'s Reply"), at 4; ECF No. 18-5 (Coogam's response to the demand letter); *see also Mikaelian v. Liberty Mut. Ins.*, No. 15-CV-6182 (JFB), 2016 WL 4702106, at *7 (E.D.N.Y. Sept. 8, 2016) (dismissing a fraud claim where "plaintiffs' own Complaint clearly indicates that they did not rely upon defendant's representation").

"no copyright or trademark rights in the phrase." Compl. ¶ 2; *see* Fla. Compl. ¶ 1 (describing Antsy Labs's copyright as "a registration for the toy apparatus itself"). And Coogam's claim for tortious interference with business relations fails for the same reason — namely, its main theory for the required element of "a wrongful purpose" or use of "dishonest, unfair, or improper means," *see Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2021 WL 5507034, at *13 (S.D.N.Y. Nov. 24, 2021), overlaps entirely with its fraud theory, *see* Compl. ¶¶ 45-46; *see also* Pl.'s Opp'n 10 ("Notwithstanding its utter lack of any trademark rights in 'fidget cube,' Antsy Labs knowingly filed suit against Coogam, asserting both copyright and trademark infringement.").[2] In any case, Coogam also fails to make any "plausible allegation that [Antsy Labs] acted for any reason other than its earnest, subjectively held belief" that Coogam was "infringing its rights," which is required for a tortious interference claim. *FullSend, Inc. v. Nelk, Inc.*, No. 21-CV-5639 (PKC), 2023 WL 2710593, at *5 (E.D.N.Y. Mar. 30, 2023) (cleaned up).

In a similar vein, Coogam's malicious prosecution claim fails because the Florida action is devoid of the "prosecution" alleged by Coogam: that "Antsy Labs initiated the Florida action" to press "allegations that Coogam infringed on its copyright merely by using the phrase 'fidget cube.'" Compl. ¶ 51. In its brief in opposition to Antsy Labs's motion to dismiss, Coogam tries to reframe its claim by relying more heavily on a disconnected, passing allegation that Antsy Labs sued Coogam for copyright infringement even though Coogam's "devices . . . bear no

---

[2]    Coogam argues that "[s]hutting down one's entire business and freezing its bank accounts through fraudulent statements and baseless civil actions indisputably qualifies as an 'independent tort'" for the purposes of a tortious interference claim. Pl.'s Opp'n 11. This argument is borderline frivolous, as the Florida court's temporary restraining order (which produced those consequences) does not, by itself, indicate any "wrongful purpose" or constitute "dishonest, unfair, or improper means" on the part of Antsy Labs. *See 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 264 (2d Cir. 2015) (explaining that actions that give rise to a tortious interference claim must be "motivated solely by the desire to harm" the plaintiff).

resemblance to the Antsy Labs device."  Compl. ¶ 14; *see* Pl.'s Opp'n 12 ("While Antsy has a

copyright, there is no basis for charging Plaintiff with infringement of that copyright since the

respective articles bear no resemblance to one another.").  But this argument, to the extent it can

be considered at all, *see N.Y. Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F. Supp. 3d 216,

236 n.2 (S.D.N.Y. 2020) ("[A] plaintiff cannot amend its complaint in a brief."), fails to save

Coogam's malicious prosecution claim because it is unsupported by any allegations of "malice,"

*see Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994).  It is well settled that "a malicious

prosecution claim may not be premised upon negligence," such as "careless[ness] in reviewing"

potential evidence.  *Walston v. City of New York*, 289 F. Supp. 3d 398, 414 (E.D.N.Y. 2018),

*aff'd*, 754 F. App'x 65 (2d Cir. 2019) (summary order).  Thus, absent allegations of any "specific

ill will of [Antsy Labs] towards [Coogam]," Coogam's malicious prosecution claim must and

does fall.  *Shapiro v. Goldman*, No. 14-CV-10119 (NRB), 2016 WL 4371741, at *19 (S.D.N.Y.

Aug. 15, 2016), *aff'd*, 696 F. App'x 532 (2d Cir. 2017) (summary order).

Finally, Coogam's claim for copyright misuse would fail on the grounds discussed above,

*see Elektra Ent. Grp., Inc. v. Santangelo*, No. 06-CV-11520 (SCR), 2008 WL 4452393, at *3 n.3

(S.D.N.Y. Oct. 1, 2008) ("The fact of enforcing a valid copyright, without more, simply cannot

constitute copyright misuse." (cleaned up)), were it not for the fact that it is not even a viable

cause of action in this Circuit, *see Lava Recs. LLC v. Amurao*, 354 F. App'x 461, 463 (2d Cir.

2009) (summary order) ("We [] decline to create an independent cause of action for 'copyright

misuse.'").  To be sure, courts in this Circuit have "acknowledged [copyright misuse] as a

potential affirmative defense to an action for copyright infringement." *John Wiley & Sons, Inc.

v. Book Dog Books, LLC*, No. 13-CV-816 (WHP), 2016 WL 5092593, at *2 (S.D.N.Y. Sept. 19,

2016) (quoting *Assoc. Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 567-68

(S.D.N.Y. 2013)).  But contrary to Coogam's argument, raising copyright misuse "as part of a declaratory judgment action" does not turn it into an "affirmative defense."  Pl.'s Opp'n 6.  That exact theory has been rejected before, *see Broad. Music, Inc. v. Hearst/ABC Viacom Ent. Servs.*, 746 F. Supp. 320, 327-28 (S.D.N.Y. 1990), and the Court rejects it again here.

In light of the foregoing, all of Coogam's claims must be and are dismissed.

## CONCLUSION

The Court is sympathetic to Coogam's frustration at being sued and temporarily losing access to its storefront and accounts based on a claim of copyright infringement that may have been without merit, only to be voluntarily dismissed from the suit a few days later.  But that frustration does not support any of its claims here.  Accordingly, and for the reasons set forth above, Antsy Labs's motion to dismiss is GRANTED, and Coogam's claims are dismissed.

Further, the Court declines to *sua sponte* grant Coogam leave to amend.  To be sure, leave to amend a pleading should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and there are several reasons to exercise that discretion to deny leave here.  First, the problems with Coogam's claims are largely substantive, so amendment would be futile.  *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases).  Second, Coogam does not request leave to amend or suggest that it is in possession of facts that would cure the problems with the dismissed claims.  *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014).

Finally, the Court granted Coogam leave to amend its original complaint in response to Antsy Labs's first motion to dismiss, which raised the defects in the claims discussed above, and it explicitly warned that Coogam would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  ECF No. 17.

The Clerk of Court is directed to terminate ECF No. 19, to enter judgment in favor of Antsy Labs consistent with this Opinion and Order, and to close the case.

SO ORDERED.

Dated: November 18, 2024
     New York, New York

JESSE M. FURMAN
United States District Judge